**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

| | | |
|---|---|---|
| JEREMY LOCKE | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| KILOLO KIJAKAZI, | * | No. 3:23-cv-00077-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## **MEMORANDUM AND ORDER**

Plaintiff, Jeremy Locke, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*,

3 F.3d 1210, 1213 (8th Cir. 1993).   After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and the Complaint is DISMISSED with prejudice.

Mr. Locke is young.  He was only 36 years old at the time of the administrative hearing. (Tr. 40.)  He completed his general educational development test (GED), (*id.*), and has no past relevant work.  (Tr. 25.)

The ALJ[1] found Mr. Locke had not engaged in substantial gainful activity since July 20, 2020 - the alleged onset date.  (Tr. 15.)  He has "severe" impairments in the form of "seizure disorder, morbid obesity, migraine headaches, diabetes mellitus, sciatica, lumbar stenosis with radiculopathy, fibromyalgia, chronic kidney disease stage III, asthma, and sleep apnea."  (*Id.*) The ALJ further found Mr. Locke did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 18-20.)  The ALJ determined Mr. Locke had the residual functional capacity to perform a reduced range of sedentary work given his impairments.  (Tr. 20.)  Because Plaintiff had no past relevant work, the ALJ moved to Step Five and utilized the services of a vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite his impairments.  Based in part on the testimony of the vocational expert, (Tr. 60-63), the ALJ determined Plaintiff could

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

perform the jobs of order clerk and addresser. (Tr. 25.) Accordingly, the ALJ determined Mr. Locke was not disabled. (Tr. 26.)

The Appeals Council received additional information and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 4-8.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ failed to properly evaluate the opinions of his treating doctor, Ted Shields, D.O., and advanced practice registered nurse, Sarah H. Crook, APRN. (Doc. No. 10 at 8-15.) Dr. Shields and Ms. Crook completed medical assessments whereby they reported Plaintiff was essentially disabled. (Tr. 913-915, 916-918, 920-925.) The ALJ discounted these assessments and Plaintiff says that was error as a matter of law.

Claims filed after March 27, 2017, like Mr. Locke's, are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians. 20 C.F.R. § 404.1520c(a). The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from

3

other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the record, I find the ALJ properly evaluated the opinions of Dr. Shields and Sarah Crook. The ALJ addressed both supportability and consistency factors, stating:

> Nurse Crook indicated that the claimant could lift/carry less than 10 pounds occasionally and 10 pounds frequently; stand and/or walk less than two hours in an eight-hour day; must periodically alternate between sitting and standing to relieve pain or discomfort; limited in both the upper and lower extremities due to near immobility and back problems; can use the hands-free fine and gross motor activities less than occasionally; can reach in all directions occasionally; and has to have oxygen at all times (17F). Dr. Shields indicated that the same findings (18F). I do not find this assessment persuasive, as it was not supported by a longitudinal history of care from Nurse Crook or Dr. Shields. Her assessment was not well supported and appears to be based off the claimant's subjective complaints rather than objective medical evidence. The assessment was inconsistent with the claimant's noncompliance regarding smoking (5F/2). Further, the MRI of his lumbar spine revealed only mild findings (8F/121). Again, his physical examination results were virtually normal (4F/9-15; 15F/14, 17, 19, 24, 62, 67; 11F/8-9, 14, 20, 28, 36).

(Tr. 24.)

I have considered Plaintiff's argument regarding the ALJ's statement these opinions were not supported by "a longitudinal history of care from Nurse Crook or Dr. Shields." (Doc. No. 10 at 12.) The Commissioner suggests the ALJ meant to say "the" instead of "a." That may be the case, but issue here is whether the treatment records support the assessments from these treating professionals. They do not. (Tr. 361-366, 380-383, 390-394, 697-718, 725, 735-736, 812-900, 920-925.) Additionally, the diagnostic tests and imaging fail to support limitation to the degree reported by Dr. Shields or Nurse Crook. (Tr. 468-469, 470, 472, 474, 476, 478, 480-483, 532-534.)

I recognize that there is some evidence supporting Plaintiff's claims of pain and limitation. But Dr. Shields and Nurse Crook drastically overstated these limitations in their assessments and,

in doing so, make these assessments unpersuasive. Additionally, it is not the task of a court to review the evidence and make an independent decision or reverse the ALJ's decision because there is evidence in the record contradicting his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

Plaintiff's counsel has admirably fought for Mr. Locke's rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 22nd day of September 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE